**CHAD C. SPRAKER**
Assistant U.S. Attorney
U.S. Attorney's Office
901 Front Street, Suite 1100
Helena, Montana 59626
Phone: (406) 457-5270
FAX: (406) 457-5130
Email: chad.spraker@usdoj.gov

**VICTORIA L. FRANCIS**
Assistant U.S. Attorney
U.S. Attorney's Office
2601 2nd Ave. North, Suite 3200
Billings, MT 59101
Phone: (406) 247-4633
FAX: (406) 657-6058
Email: victoria.francis@usdoj.gov

**ATTORNEYS FOR DEFENDANT**
United States of America

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
### GREAT FALLS DIVISION

| | |
|---|---|
| **MIRIAM ROJAS-ROSAS** and **JULIO LADISLAO SANTIAGO-ORTIZ,**<br><br>Plaintiffs,<br>vs.<br><br>**UNITED STATES OF AMERICA,** by and through U.S. CUSTOMS AND BORDER PROTECTION,<br><br>Defendants. | CV 18-62-GF-BMM-JTJ<br><br>**UNITED STATES' ANSWER TO COMPLAINT** |

The United States, by and through counsel, Assistant United States Attorneys Chad C. Spraker and Victoria L. Francis, hereby answers the Complaint filed in the above-captioned matter.  The United States uses the same paragraph numbers contained in the Complaint and admits, denies, states and alleges as follows:

1.   In response to paragraph 1 of the Complaint, the United States admits that Santiago-Ortiz produced a B1/B2 visa and a Form I-94 Arrival/Departure Record.  The United States denies the remaining allegations.

2.   In response to paragraph 2 of the Complaint, the United States admits that Plaintiffs allege an action under the Federal Tort Claims Act.  The remaining allegations are denied.

3.   In response to paragraph 3 of the Complaint, the United States denies the allegation.

4.   In response to paragraph 4 of the Complaint, the United States admits the allegation.

5.   In response to paragraph 5 of the Complaint, the United States admits that it received the administrative claim on April 18, 2016.  The United States denies the remaining allegations as it lacks sufficient information as to the truth of the allegations.

6. In response paragraph 6 of the Complaint, the allegation is admitted.

7. In response to paragraph 7 of the Complaint, the United States denies the allegations as it lacks sufficient information as to the truth of the allegations.

8. In response to paragraph 8 of the Complaint, the United States admits that Rojas-Rosas is a citizen of Mexico. The remaining allegations are denied.

9. In response to paragraph 9 of the Complaint, the United States admits on April 12, 2016, Santiago-Ortiz had previously been granted a visitor's visa. The remaining allegations are denied.

10. In response to paragraph 10 of the Complaint, the United States admits that the Federal Tort Claims Act provides a limited waiver of the United States' sovereign immunity. The remaining allegations are denied.

11. Paragraphs 11-13 are statements of law to which no response is required.

12. In response to paragraph 14 of the Complaint, the United States admits that U.S. Customs and Border Protection received an administrative claim on April 18, 2017, and 28 U.S.C. § 2675(a) is quoted in the same paragraph. The United States denies the remaining allegation as it lacks sufficient information as to the truth of the allegations.

13. In response to paragraph 15 of the Complaint, the United States admits that Santiago-Ortiz entered the United States on or about November 13, 2015, at the San Ysidro, California port of entry and possessed a B1/B2 visa and a Form I-94 Arrival/Departure Record. The remaining allegations are denied.

14. In response to paragraph 16 of the Complaint, the United States denies the allegations as it lacks sufficient information as to the truth of the allegations.

15. In response to paragraph 17 of the Complaint, the United States admits the quotation cited is accurate but denies the legal conclusion set forth in the paragraph.

16. In response to paragraph 18 of the Complaint, the United States admits the quotation cited is accurate but denies the legal conclusion set forth in the paragraph.

17. In response to paragraph 19 of the Complaint, the United States admits that on April 12, 2016, Secretary of Homeland Security Janet Napolitano's June 15, 2012, memorandum had not been rescinded. The United States further admits that Secretary of Homeland Security John Kelly issued a February 17, 2017, memorandum regarding Enforcement of the Immigration Laws to Serve the National Interest. All other allegations are denied.

18. In response to paragraphs 20-24 of the Complaint, the United States denies the allegations as it lacks sufficient information as to the truth of the allegations.

19. In response to paragraph 25 of the Complaint, the United States admits that Santiago-Ortiz was the driver of a vehicle stopped on April 12, 2016, and Rojas-Rosas was in the passenger seat. The United States further admits the vehicle was pulled over by Montana High Patrol on Highway 87. The United States denies the remaining allegations as it lacks sufficient information as to the truth of the allegations.

20. In response to paragraphs 26-29 of the Complaint, the United States denies the allegations as it lacks sufficient information as to the truth of the allegations.

21. In response to paragraph 30 of the Complaint, the United States admits that U.S. Customs Border Protection was contacted on April 12, 2016, and provided a license plate number and names of the occupants of the vehicle. The United States denies the remaining allegations as it lacks sufficient information as to the truth of the allegations.

22. In response to paragraph 31 of the Complaint, the United States admits that Montana Highway Patrol issued a ticket for failure to wear a seatbelt.

The United States denies the remaining allegations as it lacks sufficient information as to the truth of the allegations.

23. In response to paragraph 32-43 of the Complaint, the United States denies the remaining allegations as it lacks sufficient information as to the truth of the allegations.

24. In response to paragraph 44 of the Complaint, the United States admits that Santiago-Ortiz produced a B1/B2 visa and an I-94 arrival record. The United States denies the remaining allegations as it lacks sufficient information as to the truth of the allegations.

25. In response to paragraph 45 of the Complaint, the United States admits that Santiago-Ortiz produced an I-94 arrival record. The United States denies the remaining allegations as it lacks sufficient information as to the truth of the allegations.

26. In response to paragraph 46-50, the United States denies the allegations as it lacks sufficient information as to the truth of the allegations.

27. In response to paragraph 51, the United States admits that Shahid Jacque-Hausrath authored correspondence indicating that he represented Rojas-Rosas, claimed Rojas-Rosas had acquired "status" under deferred action for childhood arrivals, and inquired why she was being detained. The United States

denies the remaining allegations as it lacks sufficient information as to the truth of the allegations.

28. In response to paragraphs 52-55 of the Complaint, the United States denies the allegations as it lacks sufficient information as to the truth of the allegations.

29. In response to paragraph 56 of the Complaint, the United States admits that Shahid Jacque-Hausrath authored correspondence indicating that he represented Santiago-Ortiz and Rojas-Rosas. The United States further admits that the quotation cited in paragraph 56 accurately reflects the correspondence. The United States denies the remaining allegations as it lacks sufficient information as to the truth of the allegations.

30. In response to paragraph 57 of the Complaint, the United States denies the allegations as it lacks sufficient information as to the truth of the allegations.

31. In response to paragraph 58 of the Complaint, the United States admits that U.S. Customs and Border Protection issued Santiago-Ortiz a Notice to Appear with the language quoted in the paragraph. The United denies the remaining allegations, as it lacks sufficient information as to the truth of the allegations.

32. In response to paragraph 59 of the Complaint, the United States admits the allegation.

33. In response to paragraphs 60-63 of the Complaint, the United States denies the allegations as it lacks sufficient information as to the truth of the allegations.

34. In response to paragraph 64 of the Complaint, the United States admits the vehicle was seized, and Miguel Murillo-Jimenez was sent a seizure notice. The United States denies the remaining allegations.

35. In response to paragraph 65 of the Complaint, the allegations is a statement of law to which no response required. The United States denies any legal conclusion set forth in the paragraph.

36. In response to paragraph 66 of the Complaint, the United States admits that the vehicle was returned without a signed release of liability. The United States denies the remaining allegations.

37. In response to paragraph 67 of the Complaint, the United States admits that U.S. Customs and Border Protection set forth 19 U.S.C. § 1459 as a basis for seizure of the vehicle. The United States denies the remaining allegations as it lacks sufficient information as to the truth of the allegations.

8

38. In response to paragraph 68 of the Complaint, the United States admits that Santiago-Ortiz has produced a B1/B2 visitor's visa and passengers in the car were not lawfully present in the United States. The United States denies the remaining allegations.

39. In response to paragraph 69 of the Complaint, the United States denies the allegation.

40. In response to paragraph 70, the United States incorporates its previous responses to the Complaint.

41. In response to Paragraph 71-74 of the Complaint, the United States denies the allegations.

42. In response to paragraph 75, the United States incorporates its previous responses to the Complaint.

43. In response to Paragraph 76-79 of the Complaint, the United States denies the allegations.

44. In response to paragraph 80, the United States incorporates its previous responses to the Complaint.

45. In response to Paragraphs 81-85 of the Complaint, the United States denies the allegations.

46. To the extent that any allegation in the Complaint requires a response under Fed. R. Civ. P. 8(b), and has not been admitted or denied or otherwise specifically responded to above, the United States hereby denies such allegation.

## AFFIRMATIVE DEFENSES

1. Plaintiffs fail to state a claim upon which relief may be granted.

2. The Court lacks subject matter jurisdiction under the discretionary function exception to the Federal Tort Claims Act, 28 U.S.C. § 2680(a).

3. Defendant's acts are authorized under federal law and supersede any duty under state law pursuant to the Supremacy Clause of the United States Constitution, Art. VI, Cl. 2.

4. Plaintiffs failed to take reasonable steps to minimize or prevent the damages Plaintiffs claim to have suffered.

5. Plaintiffs lack standing to challenge the United States' seizure of property belonging to a third party.

6. Plaintiffs' alleged injuries were caused by third parties for whose acts or omissions the United States cannot be held liable.

7. Defendant has, or may have, additional affirmative defenses that are not yet known but may become known through future discovery. Defendant asserts

10
W:\CIVIL\2018 CASES\2018V00073\ROJAS-ROSAS ANSWER FINAL.DOCX

each and every affirmative defense as it may be ascertained through future discovery.

DATED this 15th day of June, 2018.

        KURT G. ALME
        United States Attorney


        */s/ Chad C. Spraker*
        Assistant U.S. Attorney
        Attorney for Defendants

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 15th day of June, 2018, a copy of the foregoing document was served on the following person by the following means**.**

| | |
|---|---|
| __1, 2__ | CM/ECF |
| _____ | Hand Delivery |
| _____ | U.S. Mail |
| _____ | Overnight Delivery Service |
| _____ | Fax |
| _____ | E-Mail |

1. Clerk of Court

2. Brian J. Miller
MORRISON, SHERWOOD, WILSON & DEOLA, PLLP
41 N. Last Chance Gulch
P.O. Box 557
Helena, Montana 59624
(406) 442-3261 – phone
(406) 443-7794 – fax
bmiller@mswdlaw.com
*Attorney for Plaintiffs*

　　　　　　　　　　　　　　　　　　*/s/ Chad C. Spraker*
　　　　　　　　　　　　　　　　　　Assistant U.S. Attorney
　　　　　　　　　　　　　　　　　　Attorney for Defendant